# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, et al, <br><br> Plaintiffs, <br><br> v. <br><br> JANICE SCHNEIDER, et al., <br><br> Defendants. <br><br> EOG Resources, et al., <br><br> Defendant-Intervenors. | MEMORANDUM DECISION AND ORDER <br><br> Consolidated Case No. 2:12CV257DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendants's Motion for a Partial Stay of the Remedy Order Pending Appeal [Docket No. 409], Defendant-Intervenors' Motion for Partial Stay of the Remedy Order Pending Appeal [Docket No. 413], and the Recreation Groups' Joinder in Motions for Partial Stay of the Remedy Order Pending Appeal [Docket No. 417]. The motions are fully briefed and the court concludes that oral argument would not significantly aid the court in its determination of the motions.

Under Rule 8(a) of the Federal Rules of Appellate Procedure, "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of the district court pending appeal." Fed. R. App. P. 8(a)(1). The United States Supreme Court has recognized that while different rules of procedure govern the power of district courts and courts of appeals to stay an order pending appeal, the factors regulating the issuance of a stay are generally the same: "(1)

whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).[1]

For the reasons more fully set forth in Plaintiffs's Response to Defendants' Motion for a Partial Stay of the Remedy Order Pending Appeal [Docket No. 423], the court concludes that Defendants and Defendant-Intervenors have not shown (1) that they are likely to succeed on appeal, (2) that they will suffer irreparable injury if the court's Remedy Order is not stayed pending appeal, (3) that Plaintiffs will not be irreparably harmed by a stay, or (4) that the stay is in the public interest.

Because the court adopts the reasoning set forth by Plaintiffs, Defendants's Motion for a Partial Stay of the Remedy Order Pending Appeal [Docket No. 409], Defendant-Intervenors' Motion for Partial Stay of the Remedy Order Pending Appeal [Docket No. 413], and the Recreation Groups' Joinder in Motions for Partial Stay of the Remedy Order Pending Appeal [Docket No. 417] are DENIED.

---

[1] The government also cites Rule 62(h) of the Federal Rules of Civil Procedure as a standard governing its request for a stay because this appeal is from a Rule 54(b) final judgment. Under Rule 62(h), "[a] court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." This rule does not help Defendants. This is a somewhat unusual case in that each challenged management plan could be the basis for a separate case. If the court were to stay its ruling on each management plan until the conclusion of all the management plans, it would need to prescribe terms necessary for Plaintiffs to secure the benefit of the court's rulings that were in Plaintiffs' favor. With respect to the Richfield Management Plan, those terms would be to require the government to begin collecting the requisite data to support its designation of roads in the travel plan and to catalog the historical artifacts that may be endangered, the exact work the government now seeks to stay. Therefore, Rule 62(h) does not provide a basis for staying the court's remedy decision pending appeal.

3

DATED this 17th day of November, 2015.

                            BY THE COURT:

                            _____
                            DALE A. KIMBALL
                            United States District Judge