IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, et al, <br><br> Plaintiffs, <br><br> v. <br><br> JANICE SCHNEIDER, et al., <br><br> Defendants. <br><br> EOG RESOURCES, et al., <br><br> Defendant-Intervenors. | MEMORANDUM DECISION AND ORDER <br><br> Consolidated Case No. 2:12CV257DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Stay Further Briefing of National Historic Preservation Act Claims ("NHPA") and Related Claims Regarding Travel Management During the Pendency of an Appeal [Docket No. 410], Defendant-Intervenors' Motion to Stay Further Briefing of NHPA Claims Regarding Travel Management During the Pendency of an Appeal [Docket No. 412], Recreation Groups' Joinder in Motions to Stay Further Briefing of NHPA Claims Regarding Travel Management During the Pendency of an Appeal [Docket No. 418],[1] and Plaintiffs' Motion for Leave to Supplement Complaint [Docket No. 400].

---

[1] Defendant-Intervenors' motion to stay [Docket No. 412] states only that it adopts Defendant's arguments and analysis. It is more properly characterized as a joinder rather than a separate motion. Also, the Recreation Groups' Joinder in the Motion to Stay [Docket No. 418] was docketed as a new motion to stay, but it is, as it is entitled, only a joinder in Defendants' motion to stay. Because only Defendants have filed a motion to stay with any analysis, the court will refer only to Defendants in addressing the motion to stay.

The motions are fully briefed and the court concludes that oral argument would not significantly aid the court in its determination of the motions. Based on the arguments submitted by the parties, as well as the law and facts relevant to the pending motions, the court enters the following Memorandum Decision and Order.

**I. Motion to Stay**

Defendants ask the court to stay further briefing of additional NHPA claims and to stay claims related to BLM's travel management decisions until the Tenth Circuit rules on the NHPA claims currently on appeal. In seeking such a stay, Defendants rely on the court's inherent authority to manage its docket. *See Landis v. N. American Co.*, 299 U.S. 248, 254 (1936).

In *Landis*, the Court explained that "[t]he supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. The Tenth Circuit has recognized that the "underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *CFTC v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

In this case, Plaintiffs have challenged six different resource management plans ("RMPs") and travel plans. The parties agreed to start with the Richfield RMP and then move on to the remaining plans. The court's ruling on the Richfield RMP and Travel Plan is on appeal because the court granted Defendants' Motion for Entry of Final Judgment under Rule 54(b). The Rule 54(b) order states that the claims relating to the Richfield RMP are factually distinct from the claims regarding the other resource management plans and travel plans that are at issue in this litigation.

Although the Tenth Circuit ruling on the NHPA will provide guidance on the NHPA

issues for the other RMPs, it will not resolve the issues. The claims are not so intertwined that this court should put a hold on Plaintiffs' challenges to other RMPs. The court sees no benefit in waiting to brief the specific NHPA issues with respect to the other RMPS.

Moreover, there is no reason to stay the briefing on the minimization criteria and NEPA claims for the remaining RMPs. These issues have not been appealed with respect to the Richfield RMP and nothing the Tenth Circuit decides on the NHPA claims will relate to those claims. NEPA's procedures and requirements are clearly separate and distinct from NHPA. Defendants also claim that they cannot complete their route designations until they complete the cultural resource surveys. However, the court agrees with Plaintiffs that the minimization criteria could be used to define the universe of routes that need to be surveyed under NHPA. Therefore, the court finds no grounds to stay the briefing on the minimization criteria and NEPA claims.

Defendants do not claim that they will suffer any hardship absent a stay. In contrast, there is the potential that the lands and resources that should be protected under the remaining RMPs could be harmed during a stay. The litigation process itself has inherent delays. The court need not add to it by imposing an additional stay. Plaintiffs have the right to bring their challenges to the remaining RMPs to a resolution. The court, therefore, concludes that the balance of the competing interests weighs in favor of Plaintiffs. Accordingly, Defendant's motion to stay is denied.

## II.  Motion for Leave to Supplement Complaint

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiffs move for leave to supplement their Second Amended Complaint with respect to the challenges to the Vernal and Price Vernal RMPs. Rule 15(d) provides that a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the

date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Motions for leave to supplement a pleading "should be liberally granted unless good reason exists for denying leave." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

SUWA's original Complaint in this case challenged the Vernal and Price RMPs facially and as implemented in the BLM's December 2008 lease sale.  Defendants mooted SUWA's as applied challenge to the December 2008 lease sale when the BLM withdrew the leases after the D.C. District Court issued a temporary restraining order.  In November 2014, the BLM resold three of these leases, along with sixty others, subject to the allegedly same legal flaws identified by the D.C. District Court.

Because of the size and complexity of this case, the parties agreed to address RMPs in a tiered approach.  The court has heard only Plaintiff's challenge to the Richfield RMP. Defendants have compiled and filed the records for the Vernal, Price, and Moab RMPs.  Defendants claim that it will likely take several months to prepare the administrative record on the November 2014 lease sale.  But no proceedings have begun with respect to the Vernal, Price, and Moab RMPs, and the parties have not agreed on which RMP will be the next one decided by the court. Moreover, there will always be a new record with a supplemental complaint involves agency action.  The need to prepare a new administrative record cannot itself be a reason to deny supplemental.  In this case, Plaintiffs contend that they already have the administrative record for the lease sales and Defendants' work to prepare the record for this court will be minimal.  The court, therefore, finds no basis for denying Plaintiff's leave to supplement based on timing.

Defendants argue that Plaintiffs could filed a separate new complaint challenging the November 2014 lease sale.  But, if SUWA brought a separate action regarding the November 2014 leases, its as-applied FLPMA RMP claims would be part of the new case while its facial

NEPA RMP claims would remain in the present case. SUWA's FLPMA and NEPA claims both involve BLM's alleged failure to adequately consider the air quality impacts of oil and gas development in the RMPs. It is more efficient to include both of these overlapping claims in the present case, particularly when the proceedings in this court for the Price and Vernal RMPs have not yet commenced.

The court, therefore, concludes that supplementation is appropriate. Defendants have not demonstrated that the supplementation will cause undue delay or prejudice. Accordingly, Plaintiffs' Motion for Leave to Supplement Complaint is granted. Plaintiffs shall file their proposed supplemental complaint within twenty days of the date of this Order.

## III. Conclusion

Based on the above reasoning, Defendants' Motion to Stay Further Briefing of National Historic Preservation Act Claims ("NHPA") and Related Claims Regarding Travel Management During the Pendency of an Appeal [Docket No. 410] is DENIED, Defendant-Intervenors' Motion to Stay Further Briefing of NHPA Claims Regarding Travel Management During the Pendency of an Appeal [Docket No. 412] is DENIED, Recreation Groups' Joinder in Motions to Stay Further Briefing of NHPA Claims Regarding Travel Management During the Pendency of an Appeal [Docket No. 418] is DENIED, and Plaintiffs' Motion for Leave to Supplement Complaint [Docket No. 400] is GRANTED.

DATED this 26th day of January, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge